UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-5516 PA (MBK) | Date | September 21, 2026 |
|---|---|---|---|
| Title | Alexander Antonio Borges v. Ernesto Santacruz, Jr., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is an Application for a Temporary Restraining Order ("TRO Application") filed by petitioner Alexander Antonio Borges ("Petitioner"), who is appearing pro se (Docket No. 1).[1/] Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") on August 18, 2026. The Petition names as respondent the Acting Director of Immigration and Customs Enforcement ("ICE"), the warden of ICE's facility located at Adelanto, and other officials ("Respondents"). Petitioner's TRO Application seeks Petitioner's immediate release from ICE detention.

Due to the influx of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Court has issued General Order No. 26-05. Pursuant to the General Order, the Court set a briefing schedule for the Petition in this case, with Respondents' Answer due seven (7) days after the Clerk's Office issued the Notice of General Order on September 21, 2026, and Petitioner's Reply due no later than 3 days after the Answer is filed. This expedited briefing schedule is designed to "provide prompt resolution to habeas petitions" and minimize the necessity of motions for injunctive relief. (General Order 26-05 at pp. 1, 3.) The General Order specifically states that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent irreparable harm that cannot be addressed by the . . . expedit[ed] briefing schedule." (Id. at p. 3.)

Here, Petitioner does not allege the type of imminent, irreparable harm contemplated by the General Order. Moreover, in light of the expedited briefing schedule on the underlying Petition, any delay that may result from awarding Petitioner relief based on the habeas petition alone would be brief. As a result, the Court concludes that Petitioner is not entitled to emergency, ex parte relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.

[1/] This is the second Petition filed by Petitioner. His prior Petition was Case No. ED CV 26-1008 PA (MBK). In resolving the earlier Petition, the Court granted Petitioner relief on his Maldonado Bautista claim only, and denied the remaining claims in that first petition without prejudice. The current Petition is filed as a single document, but includes within it the TRO Application and a Motion for Appointment of Counsel.

Ct. 365 (2008) (Petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief"). The Court therefore denies the TRO Application. Proceedings on the merits of the Petition, and the Motion for Appointment of Counsel, continue to be referred to the assigned Magistrate Judge.

IT IS SO ORDERED.